Cathy Jean MURRAH, Appellant,

v.

CITY OF OKLAHOMA CITY, Appellee.

No. M–78–599.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1980.

Joseph A. Buckles, II, Public Defender of Oklahoma City, C. Kent Eldridge, Public Defender of Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor, City of Oklahoma City, Robert L. Johnston, Asst. Municipal Counselor, City of Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

This case must be reversed on two grounds: first, the court erred in its instructions; and, second, the verdict was reached by a non–unanimous jury. The trial was held in the Municipal Court of Record for the City of Oklahoma City.

Cathy Jean Murrah was convicted in that court of Driving Under the Influence of Alcohol, Case No. 77–116262, in which judgment and sentence was formally entered as a fine of Three Hundred Dollars ($300.00) on June 28, 1978.

The first police officer to arrive at the scene of appellant's one–car accident found her trying to dislodge her car, with spinning wheels and engine running, from a traffic–signal pole. The investigating officer testified to the following indications of intoxication: The appellant smelled of alcohol, staggered, and spoke in a slurred manner. She told the officer that she had had an accident, that she had not bumped her head, and that she had not had a drink since the collision. A breathalyzer test indicated that her blood–alcohol level was 0.09 percentage.

The appellant raised several assignments of error, but only the two warranting reversal of the conviction will be discussed. First, the appellant argues that the court misinstructed on the blood–alcohol percentage levels as they relate to two different offenses: Driving Under the Influence of Alcohol and Driving While Impaired; and, further, that the court erroneously excluded an instruction on the lesser included offense, Driving While Impaired.

An instruction based on the blood–alcohol percentage levels set out in Laws 1972, Ch. 192, § 1, now 47 O.S.Supp. 1980, § 756, was requested by the appellant. Since she was being tried under a municipal ordinance rather than a state statute, and since Oklahoma City has not adopted the Section 756 percentage levels, the court could have properly refused to give *any* instruction on percentages. On the other hand, it would not have been error to give the requested instruction, had the judge determined that the statutory percentages were appropriate aids in defining for the jury the municipal offenses. But the trial court chose not to do either of these things. Rather, the judge gave an instruction derived from Section 756, supra, but changed the percentage levels.[1]

Under Section 756, a prima facie case of driving under the influence is established at a blood–alcohol level of 0.10 percentage. The appellant's level was 0.09 percentage. While the judge need not have instructed according to Section 756, he was not justified in instructing according to

---

1. Title 47 O.S.Supp.1980, § 756, provides:

   (a) evidence that there was five–hundredths (5/100) of one percent (1%) or less by weight of alcohol in his blood is prima facie evidence that the person was not under the influence of alcohol or intoxicating liquor;

   (b) evidence that there was more than five–hundredths (5/100) of one percent (1%) by weight of alcohol in the person's blood is relevant evidence of operating a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol or intoxicating liquor . . .

   The trial court instructed the jury that:

   Evidence that there was more than five–hundredths (.05) of one percent (1%) by weight of alcohol in the defendant's blood is relevant evidence that the defendant was under the influence of alcohol or intoxicating liquor.

even stricter percentage guidelines than those provided in the state statute.

■ This leads us to consideration of the lesser included offense of driving while impaired, for which the blood–alcohol percentage levels of this appellant appropriate under the state statute. Although the requests and arguments presented at trial on the issue of instructions have not been adequately preserved, this is due to a missing portion of the transcript, and not through the fault of the appellant. That, however, does not prevent this Court from holding that the evidence not only justified, but in fact demanded, an instruction on the lesser included offense. This instruction was a fundamental right of the appellant, to which she was entitled whether or not she made an adequate request. See *Jackson v. State*, Okl.Cr., 554 P.2d 39 (1976).

Secondly, the appellant urges reversal because she was convicted by a non–unanimous six–person jury, in conformity with the Oklahoma Constitution, Article II, § 19, 22 O.S.1971, § 601; 1974 Okl.Sess.Laws, Ch. 67, § 1, (now, 11 O.S.Supp.1980, § 27–119). Recently, the United States Supreme Court held that "... conviction by a non–unanimous six–member jury in a state criminal trial for a nonpetty offense deprives an accused of his constitutional right to a trial by jury." *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). That decision must be applied retroactively. *Brown v. Louisiana*, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980).

The only question remaining is whether the violation of the city ordinance of driving under the influence is a nonpetty offense, thus bringing it within the *Burch* mandate. In the case of *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Supreme Court ruled that a criminal trial by jury was required; crimes carrying possible punishments up to six months were held not to require a jury when they otherwise qualified as a petty offense; and the definition of petty offense was not provided, although a crime carrying a possible two year punishment was not petty.

Once again, in *Burch v. Louisiana*, supra, the United States Supreme Court failed to define petty offense.

Likewise, the State of Oklahoma has neglected to define the term petty offense. Our State Constitution provides that there is no right to a jury when the punishment is only a fine not exceeding $100.00, and that a six–person jury is adequate in misdemeanors, ordinance trials, and juvenile proceedings. See Article II, § 19. The delineation between jury and non–jury offenses could be construed as a demarcation between petty and nonpetty offenses. A similar demarcation exists in 22 O.S.1971, § 601.

The issue of confinement must be foremost in any definition of a petty offense. In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court recognized that the right to counsel must extend to any trial in which there is to be *any* imprisonment. [Emphasis added.] In reaching that conclusion, the Court said:

> The requirement of counsel may well be necessary for a fair trial even in a petty–offense prosecution. We are by no means convinced that legal and constitutional questions involved in a case that actually leads to imprisonment even for a brief period are any less complex then when a person can be sent off for six months or more. [Citations omitted.]

In that landmark decision, the Supreme Court continued in reference to another of its opinions:

> ... [A]s we said in *Baldwin v. New York*, 399 U.S., at 73, 90 S.Ct., at 1890 [26 L.Ed.2d 437], "the prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or 'petty' matter and may well result in quite serious repercussions affecting his career and his reputation."

Footnoted in *Argersinger* is *Marston v. Oliver*, 324 F.Supp. 691, 696 (ED Va.1971) in which the federal court said,

Any incarceration of over thirty days more or less, will usually result in loss of employment, with a consequent substantial detriment to the defendant and his family.

■■■ Confinement is not a small matter to the one restrained, and the fact of confinement is an adequate and desirable basis for distinguishing between petty and nonpetty offenses. Therefore, it is the opinion of this writer that the *Burch* rule should apply to all cases in which the possible punishment includes confinement. Here, the maximum possible punishment was ninety days in the city jail and/or a fine of $300.00. As such, it was not a petty offense, and *Burch v. Louisiana* applies.

The conviction is REVERSED and REMANDED to the Municipal Court of Record for proceedings consistent with this opinion.

CORNISH, P. J., dissents.

BUSSEY, J., concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part.

While I can agree that error in the jury instructions requires that this cause be remanded, I must respectfully express my disagreement with the application of *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), to this, and similar, cases. *Burch* is a special application by the United States Supreme Court of the Sixth and Fourteenth Amendment federal right to trial by jury in a state criminal prosecution.[1] Accordingly, and as expressed by the Court therein, it is subject to the "petty–nonpetty" limitation on the scope of the Sixth Amendment jury trial right. See Annotation, Distinction Between "Petty" and "Se-

rious" Offenses for Purposes of Federal Constitutional Right to Trial by Jury–Supreme Court Cases, 26 L.Ed.2d 916.

The line between "petty" and "nonpetty" offenses has been defined in federal law both by reference to the nature of the offense and by the maximum potential sentence provided by law upon conviction. See *Baldwin v. New York*, 399 U.S. at 68, 90 S.Ct. at 1887, 26 L.Ed.2d at 440. Accordingly, ". . . [c]rimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses, *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629, 502 (1966)." *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491, (1968).

To summarize, unless the nature of the offense as an independent factor requires otherwise, an offense punishable by a maximum term of imprisonment of not more than six months is "petty" under federal law for purposes of the Sixth Amendment, and the *Burch* rule must be restricted in scope accordingly.

Therefore, the Oklahoma constitutional and statutory provisions providing for a right to trial by a six–person jury authorized to reach a 5–1 verdict is limited to those misdemeanors and municipal ordinance violations which may be deemed "petty" under federal laws. Within that area, however, those provisions remain operative and effective and bind this Court.

The violation in the case at bar carries a potential maximum sentence of ninety days in the county jail and/or a $300.00 fine. Therefore, it would appear that, as a matter of federal law, this offense may be deemed "petty" and outside the scope of *Burch* and the Sixth Amendment, so that a verdict may be returned by a 5–1 vote of a six–man

1. We granted certiorari to decide whether conviction by a non–unanimous six–person jury in a state criminal trial for a non–petty offense . . . violates the rights of an accused to trial by jury guaranteed by the Sixth and Fourteenth Amendments. [Footnote and citations omitted]. 441 U.S. at 131, 99 S.Ct. at 1624, 60 L.Ed.2d at 99.

[W]e believe that conviction by a non–unanimous six–member jury in a state criminal trial for a non–petty offense deprives an accused of his constitutional right to trial by jury. 441 U.S. at 134, 99 S.Ct. at 1625, 60 L.Ed.2d at 101.

jury, as provided by state law unless the nature of the offense requires otherwise.

The view expressed by Judge Brett, however, is that "... the *Burch* rule must apply to all cases in which the possible punishment includes confinement." (page 4) Since the charge in the instant case provides for confinement as part of the possible penalty, and hence occasions "serious repercussions" to an accused's career and reputation, it is concluded that *Burch* applies, and a 5–1 verdict may not be had. However, this conclusion is reached without any discussion of the nature of the offense involved, and it is not, by reason of length of possible confinement, a "nonpetty" offense under federal law. There is no basis in federal law for extending *Burch* here: *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), cited, deals with the Fifth and Fourteenth Amendment right to counsel and expressly discusses the reasons justifying the extension of the federal right to counsel to an offense wherein any confinement is actually imposed, while limiting the federal jury trial right to offenses carrying a possible sentence of over six months incarceration.

Accordingly, I would remand on the limited basis of error in the jury instructions.