Brian McKenzie WILLIAMS, Appellant,

v.

CITY OF TULSA, Appellee.

No. M–83–335.

Court of Criminal Appeals of Oklahoma.

July 13, 1987.

Dissenting Opinion Filed July 30, 1987.

Thomas W. Burns, Tulsa, for appellant.

Neal E. McNeal, City Atty., Larry V. Simmons, Asst. City Atty., Tulsa, for appellee.

PARKS, Judge:

The appellant, Brian McKenzie Williams, was tried before a six-member jury in the Municipal Court of Tulsa, Oklahoma, Case No. 360117, for the offense of Reckless Driving. The jury returned a guilty verdict signed by five of its members. A subsequent poll of the jury revealed a five-to-one vote in favor of conviction. Appellant was fined One Hundred Dollars ($100.00). We reverse.

In his first assignment of error, appellant urges reversal because he was convicted by a non-unanimous six-member jury. Article II, § 19 of the Oklahoma Constitution states in relevant part:

> The right of trial by jury shall be and remain inviolate, except ... in criminal cases wherein the punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00) ... Juries for the trial of ... criminal cases shall consist of twelve (12) persons; but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, juvenile proceedings ..., juries shall consist of six (6) persons ... [I]n criminal cases less than felonies, three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict....

Okl. Const. Art. II, § 19. Thus, a jury trial is constitutionally required in Oklahoma in criminal cases when the potential punishment for a crime involves imprisonment or a fine greater than $100.00.

The United States Supreme Court has made it clear that conviction by a non-unanimous six-member jury in a State criminal trial for a "nonpetty" offense deprives an accused of his constitutional right to a trial by jury. *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). In *Burch*, the Supreme Court held that the constitutional protections afforded by a jury trial are unacceptably diminished when a six-member jury may render a non-unanimous verdict. The *Burch* rule must be applied retroactively. *Brown v. Louisiana*, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980). It is the opinion of this writer that the *Burch* decision invalidated

that portion of Article II, § 19, of the Oklahoma Constitution which authorized non-unanimous six-person jury verdicts in "cases less than felonies."

The only issue remaining is whether the violation of the city ordinance of reckless driving, which carries a maximum potential punishment of ninety (90) days imprisonment and/or a fine of Three Hundred Dollars ($300.00), is a "nonpetty" offense. I respectfully note that the language quoted by Judge Bussey in his dissent, to the effect that offenses which carry less than six months imprisonment are petty offenses, is merely dicta and is thus not dispositive of this issue. Indeed, the United States Supreme Court has previously held that reckless driving cannot properly be characterized as a "petty" offense. *See District of Columbia v. Colts*, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930).

As this Court has previously noted, neither the United States Supreme Court nor the State of Oklahoma has expressly defined what constitutes a "petty" as opposed to a "nonpetty" offense. *See Murrah v. Oklahoma City*, 620 P.2d 1335, 1337 (Okl.Cr.1980). As Judge Brett wrote in *Murrah*, "[c]onfinement is not a small matter to the one restrained...." *Id.* at 1338. It is undisputed that imprisonment for even a relatively short period of time will usually result in "quite serious repercussions affecting [the accused's] career and his reputation." *Baldwin v. New York*, 399 U.S. 66, 73, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970). Considering the effect a jail term has upon an accused's job, family, reputation and personal esteem, any period of incarceration is far from petty. Among other things, incarceration may well result in loss of employment, destruction of family relationships, financial ruin, and a substantial lowering of personal reputation within the community.

The foregoing discussion clearly shows that, for all practical purposes, imprisonment for any length of time cannot fairly be characterized as "petty" in modern society. After carefully reviewing the United States Supreme Court's decisions and reasoning in this area, and other relevant authorities, I am persuaded that the emphasis of the Court's reasoning was on the essential elements of a constitutional jury, and not on the views of individual justices regarding what constitutes "petty" as opposed to "nonpetty" offenses. Accordingly, rather than attempting to rely on the fine distinctions sought to be made by defining exactly what constitutes a "petty" or "nonpetty" offense, I would rest our decision on the ground that a nonunanimous six-member jury would unconstitutionally impair the purpose and functioning of the jury. In *Ballew v. Georgia*, 435 U.S. 223, 239, 98 S.Ct. 1029, 1038, 55 L.Ed.2d 234 (1978), the Supreme Court recognized statistical studies which indicated that the essential functioning of a jury, with regard to effective group deliberation, accuracy of results, variances in verdicts, and representation of minority groups, decreased as the size of the jury was reduced below six-members. *Id.* at 232–38, 98 S.Ct. at 1035–38. "Read in conjunction with *Ballew*, the *Burch* decision permits six-member juries only if the State additionally requires that decisions by such juries be unanimous." C. Whitebread, *Criminal Procedure: An Analysis of Constitutional Cases and Concepts*, § 22.02 at 441 (1980) (emphasis added). Professor Whitebread concluded that the use of "non-unanimous verdicts from six-member juries is unconstitutional." *Id.* at 471. In reviewing the United States Supreme Court's precedents in this area, the Tenth Circuit Court of Appeals recently concluded that "a state jury may not consist of fewer than six members, and a six-member jury's verdict must be unanimous." *Mendrano v. Smith*, 797 F.2d 1538, 1543 (10th Cir.1986). The court in *Mendrano* reasoned that the abandonment of the unanimity requirement was a way of reducing the size of the jury. *Id.* I can discern no significant difference between the unanimous five-member jury verdict held unconstitutional in *Ballew*, and the non-unanimous six-member jury verdict present in the instant case. To hold otherwise, would make the sixth person on a six-member jury superfluous. Accordingly, based on the foregoing, I am persuaded that the allowance of non-unanimous ver-

dicts with regard to six-member juries would unconstitutionally diminish jury reliability and minority representation. It is clear that jurors will not debate and deliberate as fully since, as soon as the requisite majority is obtained, further consideration will be precluded. *See* Whitebread, *supra*, at 439. *See also Johnson v. Louisiana*, 406 U.S. 361, 92 S.Ct. 1647, 32 L.Ed.2d 152 (1972) (Douglas, J., dissenting).

On the basis of the foregoing, I would hold that the Sixth Amendment right to a jury trial, as applied to the states through the Due Process Clause of the Fourteenth amendment, *see Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968), requires that a six-member jury verdict must be unanimous.

Accordingly, the judgment and sentence is REVERSED and REMANDED for a new trial.

BRETT, P.J. concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I must dissent to the reversal of this case. For his first assignment of error, the appellant alleges that he cannot be convicted by a non-unanimous verdict. Article II, § 19 of the Constitution of Oklahoma allows a conviction in a case less than a felony by a verdict rendered by five of a six person jury, as was the result in the case before us. The appellant relies upon *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979) wherein the Supreme Court of the United States held that a five out of six verdict violated the federal constitutional right to a trial by jury when it was allowed for a non-petty offense. He does not argue, however, that this offense is non-petty, but asserts that because many criminal offenses which are "less than felonies" are non-petty in nature, a conflict exists between Art. II, § 19 and the holding in *Burch*, and that because such a conflict exists, this Court has no authority to construe Oklahoma's Constitution to allow any but a unanimous verdict. I am not persuaded by this argument. Nothing in the Constitution of the State of Oklahoma is intended to conflict with any provision of the Constitution of the United States, where such provision is applicable to an individual State. *Acuff v. State*, 283 P.2d 856 (Okl.Cr.1955). The Oklahoma constitutional and statutory provisions providing for a right to trial by a six-person jury authorized to reach a 5–1 verdict is limited by *Burch* to those misdemeanors and municipal ordinance violations which may be deemed "petty" under federal laws. Within that area those provisions remain operative and effective and bind the Court. See dissent, *Murrah v. City of Oklahoma City*, 620 P.2d 1335 (Okl.Cr.1980). The verdict in the case at bar violates neither the Constitution of the State of Oklahoma nor the Constitution of the United States. Therefore, I would affirm the judgment and sentence.