**Killis Cheko CARTER, Appellant,**

v.

**CITY OF TULSA, Oklahoma, Appellee.**

**No. M–85–304.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1987.

Thomas Dee Frasier, Frasier & Frasier, Tulsa, for appellant.

Neal E. McNeill, City Atty., Larry V. Simmons, Asst. City Atty., Tulsa, for appellee.

**OPINION**

BRETT, Presiding Judge:

The appellant, Killis Cheko Carter, was tried for the crime of Driving While Under the Influence of Alcohol in violation of Title 37, Section 275 A 2 of the Revised Ordinance of the City of Tulsa, Oklahoma. The jury returned a guilty verdict signed by five of its six members. Appellant was sentenced to a fine of One Hundred Dollars ($100.00) plus court costs and ten (10) days in jail.

Considering the results reached, the Court will only address appellant's first contention of error.

The assignment of error comes from the non-unanimous six member jury.

Article II, § 19 of the Oklahoma Constitution is pertinent to the issue at hand in which it states in part:

In civil cases, and in criminal cases less than felonies, three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict.

In *Burch v. Louisiana,* 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), the Court held that conviction by less than all of a

six-member jury deprives the accused of his constitutional right to trial by jury. It has previously been held by this Court that the decision in *Burch* invalidated the portion of Art. II, § 19 of the Oklahoma Constitution which authorized non-unanimous six-person jury verdicts in cases less than felonies. *Williams v. City of Tulsa,* 740 P.2d 737 (Okl.Cr.1987).

The maximum possible punishment under the Tulsa City Ordinance is ninety (90) days in jail and a fine of not more than Five Hundred Dollars ($500.00). It is our belief that when there is a possibility of confinement the accused is entitled to a unanimous jury. In 1980, this Court held in *Murrah v. City of Oklahoma City,* 620 P.2d 1335, at 1338 (Okl.Cr.1980) that "Confinement is not a small matter to the one restrained, and the fact of confinement is an adequate and desirable basis for distinguishing between petty and non-petty offenses."

In light of the foregoing, it is this Court's opinion that the appellant is entitled to a unanimous jury verdict and that the *Burch* rule must apply in cases where there is the possibility of confinement. The judgment and sentence is therefore REVERSED and REMANDED for a new trial.

PARKS, J., concurs.

BUSSEY, J., dissents.