**Robert Wayne LAMBERT, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

No. F–88–388.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1991.

## ORDER REMANDING FOR POST–EX-AMINATION COMPETENCY HEARING

Appellant, Robert Wayne Lambert, was convicted of two counts each of Murder in the First Degree, Kidnapping, Robbery with a Firearm and Larceny of an Automobile, as well as one count of Third–Degree Arson in District Court of Creek County Case No. CRF–87–240. Prior to a trial on the merits of the crimes charged against him, Appellant initiated proceedings designed to determine whether he was competent to stand trial on the charges. After an evaluation at Eastern State Hospital, Appellant requested that a jury be empaneled to decide the issue of his competency as permitted by 22 O.S.1981, § 1175.4.

After the presentation of Appellant's evidence supporting his claim of incompetency, the State offered a demurrer to the evidence and requested that the trial court grant a directed verdict finding Appellant competent. Both the demurer and the directed verdict were entered against Appellant and the jury was released without the case having been submitted. Appellant now claims that the actions of the trial court deprived him of his right to have a jury determine his competency to stand trial. We agree.

The relevant portion of statute establishing the post-examination competency procedure provides:

> Whenever a jury is required, the court shall proceed to the selection of such jury in the manner as provided by law and such jury *shall* determine the questions of the competency and need for treatment of the person whose competency is in question. (Emphasis added.)

22 O.S.1981, § 1175.4.

The question of present competency is a factual question requiring the resolution of certain statutory questions concerning the defendant's understanding of the nature of the charges against him. 22 O.S.1981, § 1175.5. We have previously held that this determination is a question of fact and that the results of medical examinations are not dispositive. *Scott v. State*, 730 P.2d 7, 8 (Okl.Cr.1986). The defendant in a competency proceeding has a statutory right to present his evidence, attempting to overcome the legal presumption that he is competent and then have the finder of fact make the final determination.

In this case, Appellant requested that his case be judged not by the trial judge, but by a jury. He presented evidence that he had attempted suicide on several occasions, including after his arrest, that he had previously been hospitalized for mental health problems and that he did not understand the nature of much of the proceedings against him. The State, on cross-examination, attempted to show that Appellant actually did understand the proceedings and was successful to a certain extent in showing that Appellant did understand the nature of the charges against him. Following the cross-examination, the trial court granted the State's request for a directed verdict and dismissed the jury. We find that his action was not supported by any statutory authority and in any event was contrary to the evidence.

This Court is unaware of any authority which permits a trial court to take the issue of competency from a jury after a demand for jury trial is made. Section 1175.4 is quite specific when it dictates that the determination of competency to stand trial shall be made by the jury if the demand for a jury trial has been made.

We held in *Miller v. State*, 751 P.2d 733, 737 (Okl.Cr.1988) that a competency hearing was a special proceeding to ensure that a defendant was afforded full due process of law. We held that once the defendant has demanded a jury trial and has gone forward with evidence of incompetency, he has a right to expect a finding of fact on that issue. In the present case, we have no real finding that Appellant was competent based on the evidence offered. We merely have the trial court's ruling that the evidence was insufficient to meet the burden of proof. While such a finding may be sufficient to meet minimum requirements of due process in a civil trial, we hold that it does not in criminal cases.

Appellant presented evidence of his incompetency. Whether or not the evidence was believable was a question of fact for the jury to decide. The trial court erred when it preempted the jury's consideration of the issue by directing a verdict. Accordingly, we must remand this case to the district court for a new hearing on competency. As we have previously held, before entering into consideration of competency, the trial court must first determine the feasibility of such a determination at this time pursuant to *Thomas v. State*, 777 P.2d 399 (Okl.Cr.1989). If the resolution of the issue is in favor of feasibility, the trial court should conduct a Post–Examination Competency Hearing, before a jury if Appellant so desires, within sixty (60) days of this Order.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge
/s/ Gary Lumpkin
GARY LUMPKIN,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Ed Parks
ED PARKS,
Judge,
Specially concur.
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge.