**Thomas LILLARD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–89–1095.**

Court of Criminal Appeals of Oklahoma.

May 13, 1993.

### ORDER REMANDING FOR COMPETENCY HEARING

Thomas Lillard, appellant, was tried by a jury on May 22, 1989, in Okmulgee County District Court and convicted of Resisting an Officer (Count I) and Assault and Battery upon a Police Officer (Count II) in Case No. HCRM–87–5099, and Assault and Battery with a Dangerous Weapon in Case No. HCRF–87–5036. On July 8, 1987, one week after appellant was charged, the State filed an application for determination of competency. See 22 O.S.1981, § 1175.2. At the hearing on the application, the trial court found appellant's competence questionable and ordered him to undergo professional mental evaluation at Eastern State Hospital. See 22 O.S.Supp.1987, § 1175.3(D). After appellant had been evaluated, the court held a post-examination competency hearing pursuant to 22 O.S.Supp.1987, § 1175.4. Appellant did not request a jury trial on the issue of competency and the trial was thus held before the judge. At the close of this proceeding, the court found appellant "incompetent, but capable of achieving competency within a reasonable period of time...." 22 O.S.1981, § 1175.7(A). Accordingly, appellant was ordered committed to Eastern State Hospital until he resumed competency, and further criminal proceedings against him were stayed. On September 30, 1987, appellant was released upon a doctor's order.

Over one year later on November 28, 1988, the State filed a motion for a post-examination competency hearing, noting that one had not been held following appellant's alleged resumption of competency in September of 1987. On November 29, 1988, appellant filed a motion demanding that his competency be determined by a jury. *See* 22 O.S.Supp.1987, § 1175.4(B). Although the record does not reflect a formal denial of appellant's motion, the court and not a jury determined at the January 23, 1989, hearing that appellant required further treatment at Eastern State Hospital. Presumably, appellant was taken to Eastern State and treated.

In an order entered on April 7, 1989, the court set appellant's third competency hearing for April 13, 1989. On April 13, appellant filed a motion demanding that his competency be determined by a jury. Prior to the hearing, defense counsel vigorously argued that appellant was entitled under section 1175.4(B) to have his post-competency hearing conducted as a jury trial. According to the State, the hearing to which appellant was entitled was the one set forth in section 1175.8, "Resumption of competency." The State argued that unlike the post-examination competency hearing provided in section 1175.4, the section 1175.8 hearing could not be held as a jury trial. The judge agreed with the State, concluding that "we're at the point now where it is up to the Court to make the decision as to [appellant's] competency." Apr.Tr. 6. At the close of that hearing, the court found appellant competent to stand trial, and criminal proceedings resumed. On appeal from his convictions, appellant argues the trial court erred in failing to grant his motion to have a jury determine his competency.

This Court has consistently held that the section 1175.4 post-examination competency hearing must be conducted unless it is affirmatively waived by the accused. *See Kiser v. State*, 782 P.2d 405, 408–09 (Okl. Cr.1989). *See also Thomas v. State* 777 P.2d 399, 400 (Okl.Cr.1989); *Kelly v. State*, 735 P.2d 566, 567 (Okl.Cr.1987). We have also noted that the post-examination competency hearing must be conducted as a

jury trial, if the accused "shall so demand." *Scott v. State*, 730 P.2d 7 (Okl.Cr.1986). *See also Watkins v. State*, 829 P.2d 42, 44 (Okl.Cr.1992); *Miller v. State*, 751 P.2d 733, 737 (Okl.Cr.1988). In this context, this Court reversed and remanded for a new competency hearing where a trial judge directed a verdict against an allegedly incompetent accused, rather than allowing the issue of competency to be determined by the jury empaneled at the accused's request. *See Lambert v. State*, 808 P.2d 72 (Okl.Cr.1991). However, this Court has never addressed whether the hearing required by section 1175.8, "Resumption of competency," must also be conducted as a jury trial at the accused's request. Today, we hold that once an accused has been adjudged "incompetent, but capable of achieving competency within a reasonable period of time" under section 1175.7, the hearing that must then be held under section 1175.8 is the equivalent of a section 1175.4 post-examination competency hearing. Accordingly, the 1175.8 "resumption of competency" hearing must be conducted as a jury trial "[i]f the court deems it necessary, or if the person alleged to be a person requiring treatment, or any relative, friend, or any person with whom he may reside, or at whose house he may be, shall so demand...." 22 O.S.Supp.1987, § 1175.4(B).

In this case, appellant received two section 1175.8 "resumption of competency" hearings: the first one was held on January 23, 1989; the second was held on April 13, 1989. Appellant's demands that these hearings be conducted as jury trials were denied. Therefore, appellant is entitled to have this case remanded to the trial court for a jury trial on the issue of his competence to stand trial. *See Boltz v. State*, 806 P.2d 1117, 1121 (Okl.Cr.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 143, 116 L.Ed.2d 109 (1991). On remand, the trial court must first decide whether it is feasible under *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), to make a determination concerning whether appellant was competent to stand trial on May 22, 1989. If the court finds that it is feasible to determine whether appellant was competent to stand trial, it should empanel

a jury to make the determination within sixty (60) days of the issuance of this order. Once a decision has been reached on either or both of these issues, the trial court should submit the findings to this Court.

**IT IS SO ORDERED.**

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/James F. Lane
JAMES F. LANE, Judge

/s/Charles S. Chapel
CHARLES S. CHAPEL, Judge