Ralph Wayne **TAYLOR**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

Nos. A–16995—A–17000.

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1971.

Rehearings Denied Dec. 10, 1971.

Appeals from the District Court of Oklahoma County; Robert L. Berry, Judge.

Ralph Wayne Taylor was convicted of six separate offenses of Burglary Second

Degree, After Former Conviction of a Felony; his punishment was fixed at 15 years on each charge, the same to run consecutively, and appeals. Modified to 15 years on each charge, the same to run concurrently, and as so modified, the judgments and sentences are affirmed.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Ralph Wayne Taylor, defendant below, was charged with six separate burglary offenses, after former conviction of a felony, in the District Court of Oklahoma County, Cases No. CRF–71–446, CRF–71–447, CRF–71–448, CRF–71–449, CRF–71–450, and CRF–71–451. These charges were, by agreement of the parties, consolidated for a jury trial and the defendant was found guilty of each charge and the jury fixed his punishment at 15 years on each charge. Thereafter, judgment and sentence, in accordance with the verdict of the jury, was imposed by the trial judge, who sentenced the defendant to six fifteen-year sentences to run consecutively. Six separate appeals were filed in this Court and are consolidated in this opinion.

We deem it unnecessary to set forth the facts; suffice it to say that the circumstantial evidence establishes that the defendant, on the 19th day of February, 1971, burglarized six separate parking meters, gaining entry to each with a key, and removed therefrom a total of $3.73.

The single assignment of error that merits discussion in this opinion is that the punishments, totaling 90 years, are excessive. With this contention we are inclined to agree. It is readily apparent that the jury wished the sentences to run concurrently, for they asked, in writing: "Your Honor, Can we the Jury recommend that the sentence in each case run concurrently?" to which the trial judge replied in writing: "Whether a sentence runs concurrently or consecutively is within the province of [the] Court's discretion at the time of formal sentencing of the Defendant."

While it is true that it rests in the sound discretion of the trial judge as to whether sentences should run concurrently, we are of the opinion that where, as here, the jury wished to recommend that the sentences run concurrently, the six separate burglaries occurred near the same time and place, and the total amount taken was $3.73, the failure of the trial judge to sentence the six 15 year sentences to run concurrently was an abuse of discretion and resulted in the imposition of excessive punishment.

We accordingly affirm the judgments and sentences entered in Oklahoma County District Court Cases No. CRF–71–446, CRF–71–447, CRF–71–448, CRF–71–449, CRF–71–450, and CRF–71–451, and direct that the judgments and sentences reflect that the sentences be served concurrently. The judgments and sentences appealed from are modified to run concurrently, instead of consecutively, and as so modified, they are affirmed.