**The STATE of Oklahoma, Appellant,**

v.

**Terry SMITH, Appellee.**

**No. O-79-474.**

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1980.

Terry L. Amend, Dist. Atty., LeFlore County, for appellant.

Alan B. McPheron, Durant, Douglas W. Sanders, Poteau, for appellee.

## MEMORANDUM OPINION

CORNISH, Presiding Judge:

This is an appeal by the State from an order of the District Court, LeFlore County, quashing the information in Case No. CRF–78–13. In that case the appellee and Odell Rose were charged with Larceny of a Domestic Animal. The magistrate sustained Rose's demurrer but ordered the appellee held for trial. At the arraignment the appellant's Motion to Quash was sustained.

The evidence at the preliminary hearing reflects that Mr. Elroy Williams owned a horse which he kept at the farm of Mr. A. B. McReynolds. The horse was discovered missing around November 22, 1977. Mr. Williams testified that he had not given anyone permission to take the horse. Mrs. Williams spotted the missing animal in a horse trailer being pulled behind a pickup truck near Bokchito, Oklahoma, on December 15, 1977. She followed the trailer into Bokchito and identified the horse as the one Mr. Williams had lost. Mrs. Williams also testified that the appellee and two other men were in the pickup truck pulling the trailer which contained the horse. The driver of the pickup testified that Smith had been riding the horse to assist in gathering cattle. There was further testimony that appellee Smith claimed to have purchased the horse. Subsequently, the horse was recovered and returned to the owner, and the information charging the two defendants with larceny of a domestic animal was filed in LeFlore County.

To bind a defendant over for trial, the State must show that a crime has been committed and that there is probable cause to believe that the defendant committed the crime. Title 22 O.S.1971, § 264; *Howell v. State*, Okl.Cr., 530 P.2d 1371 (1975). Notwithstanding that the preliminary hearing burden of proof is a lesser one than the standard for conviction, *Edmondson v. State*, Okl.Cr., 536 P.2d 386 (1975), an analysis of the transcript presented on appeal indicates that the District Court correctly quashed the information against the appellee.

The first requirement, a showing that the crime charged was committed, was met. But the State's evidence failed to meet the second requirement for binding the appellee over for trial. No direct evidence was presented which demonstrated that the appellee had removed the horse

from the pasture. Therefore, if larceny of a domestic animal was committed by this appellee, that fact must be inferred from his possession of the horse. Ordinarily, mere possession of the property of another, without more, will not support a charge of larceny. *Edgmon v. State*, Okl.Cr., 485 P.2d 774 (1971). To infer larceny from possession of stolen goods, the possession must closely follow the alleged theft, be personal and exclusive, and be unexplained. *Underhill v. State*, 70 Okl.Cr. 35, 104 P.2d 447 (1940); *Lynn v. State*, 63 Okl.Cr. 55, 72 P.2d 846 (1937). The appellee was found in possession of the horse on December 15, 1977. Twenty–three days is ample time for someone to have stolen the horse, transported it away from the vicinity and sold it to the appellee. The possession by the appellee was not of sufficiently recent origin to infer larceny.

Clearly distinguishable is *Lemmon v. State*, Okl.Cr., 538 P.2d 596 (1975), cited by the State. In that case, an inference of larceny ran against persons who sold stolen cattle and who were in possession of the cattle on the very day that the owner last saw them.

It should be noted at this point that the magistrate can order an accused held for trial on a charge different from the one in the information, but which the facts warrant. *Webster v. District Court of Oklahoma County*, Okl.Cr., 473 P.2d 277 (1970). There is a strong possibility that the evidence presented at the preliminary hearing might have been adequate to bind the appellee over on a charge of receiving stolen property, in violation of 21 O.S.1971, § 1713. But the evidence was not sufficient to justify holding the appellee for trial on a charge of larceny. The order of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.