Mitchel Doyle GILES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-747.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1984.

Patti Palmer, Deputy Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Mitchel Doyle Giles, was convicted in the District Court of Bryan County for Unlawful Delivery of Marijuana, in violation of 63 O.S.1981, § 2-401(B)(2). Since he was over the age of eighteen years, and the person to whom he unlawfully delivered the marijuana was under the age of eighteen years, he received a sentence of four years' imprisonment pursuant to 63 O.S.1981, § 2-401(D). From

said judgment and sentence he has perfected this timely appeal.

Fifteen-year-old A.S. was incarcerated in the Bryan County Jail as a "run-away" on March 3, 1982. Pursuant to conversations with her parents and Durant Police Detective Bob Hendrix, A.S. agreed to be taken by a Durant police dispatcher to the appellant's home to attempt to purchase some marijuana from him. The twenty-two-year-old appellant sold her three marijuana cigarettes for three dollars.

The appellant's first assignment of error is that the trial court erred in not giving an entrapment instruction. The defense of entrapment was not raised at trial, nor was any instruction requested, nor was the issue raised in the motion for new trial. It is therefore not properly before this Court. *Nutter v. State*, 658 P.2d 492 (Okl. Cr.1983); *Stevenson v. State*, 637 P.2d 878 (Okl.Cr.1981).

Furthermore, entrapment is an affirmative defense, and before it can be considered by the jury there must be evidence which, if believed, would tend to establish that the defendant was lured into committing the crime by police officers. *Watson v. State*, 382 P.2d 449 (Okl.Cr. 1962). We are of the opinion no such evidence existed. Although A.S. approached the appellant and asked to purchase marijuana at the direction of the Durant police, such activity did not constitute entrapment as a matter of law. *Watson*, supra; *Johnson v. State*, 625 P.2d 1270 (Okl.Cr.1981), and cases cited therein. It is obvious that the State merely afforded the appellant the opportunity to commit the crime, and did not in any manner persuade or pressure him to do so. *Johnson*, supra. The allegation is without merit.

The appellant secondly argues that counsel's trial strategy evidenced ineffective assistance. We would first note that, in the face of the overwhelming evidence of the appellant's guilt, he was acquitted of one charge,[1] and given the minimum possi-

1. The appellant was also charged with Unlawful Cultivation of Marijuana, in violation of 63 O.S.

1981, § 2-509(1). A baggie containing marijuana, some marijuana plants, marijuana stalks

ble sentence on the other.[2] Secondly, a review of the transcript convinces this Court of the viability of counsel's trial strategy. We find that the appellant was effectively represented at trial. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980).

The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

and a bottle of marijuana seeds were introduced in support of that count.

2.   See, 63 O.S.1981, §§ 2-401(B)(2) and (D).