Randy ROWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–305.

Court of Criminal Appeals of Oklahoma.

April 24, 1985.

Rehearing Denied May 24, 1985.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Vince G. Logan, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Randy Rowell, was convicted in the District Court of Creek County, Case No. CRF–82–8, of one count of Burglary in the First Degree, for which he was sentenced to a term of seven (7) years in prison, and one count of Attempted Rape, for which he was sentenced to a term of three and one-half (3½) years in prison. The trial court ordered that the sentences be served consecutively. From said judgments and sentences, he appeals to this Court.

Briefly stated, the evidence presented at trial was that early in the morning of May 7, 1982, the appellant broke into an apartment located in Drumright, intending to steal any money that he could find. While inside the apartment, the appellant sexually assaulted the eighty-seven-year-old occupant. The appellant was arrested later in the day, and soon thereafter, made a written statement confessing to the crimes.

The appellant asserts in his first assignment of error that he was denied due process of law by the trial court's failure to conduct a hearing on his competency to stand trial. On January 31, 1984, noting that 22 O.S.Supp.1983, §§ 1175.1 to 1175.8 now requires that such a hearing be held, we remanded this cause to the district court with instructions to hold a proper hearing, and forward its findings to this Court. 676 P.2d 268 (Okl.Cr.1984).

Relying on *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the appellant petitioned this Court for a rehearing on our order, asserting that we were without authority to remand as constitutional principles mandate reversal if a competency hearing is not held concurrently with the trial. Said petition was denied on February 22, 1984.

On March 27, 1984, the appellant, with the aid and advice of counsel, knowingly waived his right to a hearing to determine his mental competency at the time of trial.

We find the appellant's reliance on *Pate*, supra, to be misplaced. In *Pate*, the record contained ample evidence to show that the accused's mental competency at the time of trial was in controversy. In the instant case, we have before us only testimony concerned solely with the appellant's mental state at the time of *his arrest*,[1] and a letter from the examining physician, who found the appellant competent after the appellant had been committed for observation as to his mental capacity to stand trial.

*Pate* is also distinguishable in that the Supreme Court's holding was primarily based on the fact that a competency hearing held seven years after the trial would necessarily present extreme difficulties for the parties. In the instant case, a hearing could have been held less than eighteen months after trial, a far less significant time period. Moreover, we firmly believe that if the appellant felt that he was prejudiced in any way by the trial court's failure to hold a more timely hearing, such prejudice could have been pointed out to the trial court, and preserved as an issue for review after we remanded this case for a hearing.

In that the record now before this Court does not raise any question as to the appellant's mental competency, and that the appellant voluntarily waived his right to make

---

1. This testimony was presented in an in camera hearing pursuant to the appellant's motion to suppress his confession.

and provide this Court with a record on this issue, we find, and do therefore hold, that the appellant was fully competent at the time of his trial. This assignment of error is without merit.

 In his second assignment of error, the appellant argues that the trial court's instructions on attempted rape were erroneous. We note that the appellant failed to object to the instructions now complained of, failed to submit instructions designed to correct any inadequacies in the trial court's instructions, and further failed to include this proposition in his motion for new trial. Consequently, appellate review is waived except for fundamental error. *Nutter v. State*, 658 P.2d 492 (Okl.Cr.1983); *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981); *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980).

In reviewing instructions for fundamental error, the proper test is whether the instructions, when considered as a whole, fairly state the applicable law. *Maghe*, supra. In the instant case, the trial court's instructions properly defined the elements of an attempt, defined the elements of rape, and defined the necessary specific intent required to commit the offense charged. Consequently, we find the instructions fairly stated the applicable law. *Weimar v. State*, 556 P.2d 1020 (Okl.Cr. 1976). This assignment of error is without merit.

In his final assignment of error, the appellant argues that the trial court abused its discretion by denying his motion to run the sentences which he received concurrently. The appellant's argument is predicated on the jury's verdict form on Count II, Attempted Rape, which stated that the appellant was guilty, and sentenced him to "3½ years with counciling [sic]." The appellant argues that the verdict form shows that "the jury's dominant concern was rehabilitation and not retribution." *Taylor v. State*, 490 P.2d 1404 (Okl. Cr.1971). We need only note that, assuming that such recommendation was a plea for leniency, it has long been established in Oklahoma that such pleas are not binding on the trial court. *Wofford v. State*, 646 P.2d 1300 (Okl.Cr.1982); *Passmore v. State*, 87 Okl.Cr. 391, 198 P.2d 439 (1948). Under the facts and circumstances of this case, and as the sentences received by the appellant were within the time period authorized by law, we find that the trial court did not abuse its discretion.

Accordingly, the judgments and sentences appealed from are AFFIRMED.

PARKS, P.J., and BRETT, J., concur.