Robert Eugene SCOTT, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–275.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1986.

Elaine Meek, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Robert Eugene Scott, was convicted of Second Degree Rape After Former Conviction of a Felony and Sodomy After Former Conviction of a Felony, in the District Court of Logan County, Oklahoma Case Nos. CRF–83–39 and CRF–83–40. The Appellant was sentenced to terms of twenty-five (25) years imprisonment on each count, to be served consecutively. Reversed and remanded.

In 1980, the Oklahoma Legislature enacted a detailed and comprehensive statutory system that established a new set of procedures which our trial courts must follow when they are called upon to make a determination as to whether an individual criminal defendant is competent to stand trial. *See* Title 22 O.S.1981, §§ 1175.1–1175.8. Under the new system, a defendant may make an application to the trial court for a determination of competency to stand trial. Title 22 O.S.1981, § 1175.2(A). When an application is made, the trial court must hold an *initial* hearing to determine whether there is any doubt as to the defendant's competency. Title 22 O.S.1981, § 1175.-3(B). If, after holding the initial hearing, the trial court finds that "there is no doubt as to the competency of the person, it shall order the criminal proceedings to resume." Title 22 O.S.1981, § 1175.3(C). If, on the other hand, the trial court determines that a doubt exists, it must order a competency examination. Title 22 O.S.1981, § 1175.-3(D). The defendant is then examined by an appropriate expert and the expert must answer a number of specific questions relating to the defendant's competency. Title 22 O.S.1981 § 1175.3(E). Once the examination has been completed, the statutory system directs that a second "hearing on the competency of the person *shall* be held." Title 22 O.S.1981, § 1175.4(A) (emphasis added). In addition, this post-examination competency hearing is required to be conducted as a jury trial, if the defendant "shall so demand." Title 22 O.S.1981, § 1175.4(B). After the completion of the

post-examination hearing, the fact finder is required to determine whether the defendant is competent to stand trial. Title 22 O.S.1981, § 1175.5(1). If the defendant is found to be competent, the trial court must issue an appropriate order and "the criminal proceedings shall be resumed." Title 22 O.S.1981, § 1175.6(1).

The appellant in this case made an application to the trial court for a competency determination. The trial court held an initial hearing and decided that there were sufficient facts to raise an official doubt as to the appellant's competency. Pursuant to that finding, the Court issued an order to have the appellant examined by a state doctor as an aid to determining how that doubt should be resolved. An examination was conducted and the doctor concluded that in his opinion the appellant was competent to stand trial. The appellant was returned to the custody of the trial court, but instead of completing the competency determination, the court resumed trial proceedings. The appellant, against the recommendation of his attorney, then waived his right to a preliminary hearing. However, before any further action could be initiated, the appellant, upset over visitation rights, began a hunger strike and claimed to have swallowed some pieces of a razorblade. Appellant's attorney made a second application for a competency determination, the trial court conducted another initial hearing, determined that there was still doubt as to appellant's competency and ordered a second examination. The doctor's reaffirmed their opinion that appellant was competent and he was once more returned to the custody of the trial court. Again, the court failed to complete the competency determination and resumed trial proceedings. The appellant never objected to the trial court's action nor did he specifically request a post-examination hearing. When proceeding resumed, appellant asked for a preliminary hearing, but the trial court improperly denied the motion on the ground that the right had been waived and the appellant was tried and convicted of both rape and sodomy.

Based on these facts, the State now, argues that the appellant waived his right to a continuation of the competency determination, because he failed to request a post-examination hearing. To accept such an interpretation would mean that a defendant whose competency has officially been found to be in doubt is, nevertheless, competent to waive a hearing the very purpose of which is to resolve the doubt. It would mean that the doctor's report alone is sufficient to resolve the doubt and assure the trial court that the defendant is capable of understanding the consequences of waiving this important right. We respectfully disagree. *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

The Legislature clearly never intended for the issue of compentency to be determined solely by the examination results. The examination report is not a sworn statement and its makers have not been subject to cross-examination. For that reason, the Legislature provided that the judgement of competency is to be made by the appropriate fact finder only after a formal hearing at which all relevant evidence is presented.

The intent of the Legislature can best be found by examining the language of the statute itself. For example, in those situations in which the Legislature intended for a particular procedure to be available only on demand, they so stated. An initial hearing is required only when there has been "an application." A post-examination *jury trial* hearing is required only if the defendant "shall so demand." By contrast, in those situation in which the trial court has found an initial doubt and the defendant has been examined by the State's doctors, the Legislature provided that some form of post-examination hearing to resolve the official finding of doubt "shall be held." This contrast strongly indicates that the Legislature intended for a post-examination hearing to be mandatory in every case in which a competency examination is conducted.

In addition, legislative intent can also be found from the fact that the statutory sys-

tem specifically defines the circumstances under which criminal proceedings may resume. The statute clearly indicates that once a competency determination is initiated, there are only two points at which the trial may be restarted. First, proceedings "shall resume" following the initial hearing if the trial court finds that there is "no doubt" as to the defendant's competency. Second, if doubt was found to exist after the initial hearing, the statute provides that the proceeding "shall resume" only after a post-examination hearing at which the fact finder resolves the doubt and makes an official determination that the defendant is competent to stand trial. There is absolutely no indication in the statute that proceeding are to resume automatically if the defendant fails to request a post-examination hearing.

As personally repugnant as it is to this Court to subject the victim of these crimes to the possible trama of a second trial, the requirements of the competency statute as enacted by the Legislature constitute a mandate which we are bound by oath to follow. Accordingly, this case is hereby REVERSED and REMANDED for new trial with directions to order a new competency examination and conduct the required post-examination hearing.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED.

BRETT and BUSSEY, JJ., concur.