**Kenneth S. KELLY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–811.**

Court of Criminal Appeals of Oklahoma.

March 26, 1987.

Patti Palmer, Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Kenneth S. Kelly, was tried and convicted in the District Court of Logan County of the crimes of Assault and Battery With a Deadly Weapon, Resisting an Officer, and Larceny of Merchandise From a Retailer in Case Nos. CRF–83–127, CRF–83–626, and CRF–83–627 and was sentenced to ten (10) years, one (1) year, and twenty (20) days imprisonment, respectively, and he appeals.

In his third assignment of error, appellant contends that the trial court failed to follow Oklahoma law regarding the determination of competency. We agree.

This Court recently held in *Scott v. State*, 730 P.2d 7 (Okl.Cr.1986) that:

> Under the new system, a defendant may make an application to the trial court for a determination of competency to stand trial. Title 22 O.S.1981, § 1175.2(A). When an application is made, the trial court must hold an *initial* hearing to determine whether there is any doubt as to the defendant's competency. Title 22 O.S.1981, § 1175.3(B). If, after holding the initial hearing, the trial court finds that 'there is no doubt as to the competency of the person, it shall order the criminal proceedings to resume.' Title 22 O.S.1981, § 1175.3(C). If, on the other hand, the trial court determines that a doubt exists, it must order a competency examination. Title 22 O.S.1981, § 1175.-3(D). The defendant is then examined by an appropriate expert and the expert must answer a number of specific questions relating to the defendant's competency. Title 22 O.S.1981, § 1175.3(E). Once the examination has been completed, the statutory system directs that a second 'hearing on the competency of the person *shall* be held.' Title 22 O.S.1981, § 1175.4(A) (emphasis added).

In the instant case the trial court held an initial hearing and found that there was a doubt as to appellant's sanity, and appellant was examined by experts. However, appellant was never afforded a post-examination hearing as required by 22 O.S.1981, § 1175.4(A).

Accordingly, the judgment and sentence is REVERSED and REMANDED for a new trial consistent with this opinion.

BRETT, P.J., and PARKS, J., concur.