**Leonard Pete FITCHEN, a/k/a Leonard Pete Fitchew, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–486.**

Court of Criminal Appeals of Oklahoma.

June 3, 1987.

Rehearing Denied June 16, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Atty. Gen., Lana Cohlmia, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Leonard Pete Fitchen, a/k/a Leonard Pete Fitchew, was convicted in Stephens County District Court Case No. CRF–83–127, for the offense of Attempting to Obtain Controlled Drug by Forged Prescription, After Former Conviction of Two

or More Felonies. He was tried by a jury before the Honorable Joe H. Enos, and his punishment was set at life imprisonment. From that conviction, he appeals.

About 4:30 p.m. on May 13, 1983, appellant attempted to obtain a controlled drug, Preludin, from Pharmacist Danny C. Akers, on a forged prescription at the Graves Drug and Pharmacy in Marlow, Oklahoma. The prescription was written on a white prescription form for one, Emma Harris of Lawton, Oklahoma, who appellant asserted was his aunt. The prescription was allegedly signed by Dr. Tien Sheng Tu. Pharmacist Akers had been informed that Dr. Tu's office had earlier been burglarized and that prescription forms had been stolen. The pharmacist called the Marlow Police and Dr. Tu's office and was informed by Dr. Tu that since the burglary he has used green prescription forms, and that he did not issue the prescription. During his testimony, Dr. Tu also testified that he had never prescribed preludin for Emma Harris, that he had treated appellant, but did not prescribe preludin for him. Preludin, a stimulant, is listed as a Schedule II drug. When the Marlow Police arrived, appellant was still in the drugstore and asserted to the police that the prescription was for back-pains of his aunt.

Among the things appellant asserts in his first assignment of error is that the prosecutor made improper comments during the punishment stage of the trial, thereby denying appellant a fair trial. Appellant first asserts that comments were made by the prosecutor concerning pardons and paroles. The record reflects that the prosecutor commented on the former convictions of appellant and the sentences he received for former convictions. Certainly the prosecutor is entitled to discuss the evidence, i.e., the judgments and sentences of former convictions, offered during the second stage of trial. It has long been the rule that both counsel are entitled to make reasonable arguments relative to the evidence offered. They are entitled to argue the evidence and make reasonable inferences therefrom. *King v. State*, 640 P.2d 983 (Okl.Cr.1982). The record also reflects that

appellant failed to make any objections during the prosecutor's closing argument. Consequently, this assertion of error is not properly preserved for appeal. *Vigil v. State*, 666 P.2d 1293, 1294 (Okl.Cr.1983).

Appellant asserts that the prosecutor made repeated references to prior crimes. He offers no supporting authority to sustain his contentions. This Court will not search the books for authority to support appellant's assertions. *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982). Also, this assertion of error fails for the reason appellant failed to enter any objections, so this contention is not properly preserved for appeal. The crimes to which the prosecutor made reference were those which had been properly admitted into evidence by certified copies of the judgment and sentences, during the punishment stage of the trial. *Suitor v. State*, 629 P.2d 1266 (Okl. Cr.1981). Appellant fails to show how he was prejudiced from the alleged errors.

Appellant also asserts that the prosecutor made reference to appellant's being a career criminal, which he asserts constituted error. Again, appellant failed to enter any objections and to call for an admonishment of the jury. The assertion of error is waived.

Lastly under this assignment, appellant asserts that the prosecutor appealed to societal alarm by stating that the appellant would commit other crimes. No objections were made to this cited error. It is, therefore, waived for appeal. We have reviewed all the arguments complained of by appellant and find that they are not of such nature as to cause a reversal of this conviction. His first assignment of error is denied.

Appellant also asserts that evidence of other crimes was admitted without a showing of the limited exceptions outlined in 12 O.S.1981, § 2404(B). That section of the statute provides, in part:

... Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, in-

tent, preparation, plan, knowledge, identity or absence of mistake or accident. Appellant complains that the pharmacist testified that he had talked earlier with Dr. Tu relative to other prescriptions that had been forged and attempts that had been made to pass them at his drugstore. Appellant objected, but the objection was overruled. As we view the testimony, the prosecutor never asserted or implied that appellant had earlier attempted to pass a forged prescription. He was merely offering relevant circumstantial information that went to show why the pharmacist was alerted and so readily recognized the forged prescription. Any reference to appellant having committed other crimes, at this point, exists only in appellant's own eyes and view.

■ Appellant also contends that the pharmacist made an evidentiary harpoon in his testimony when he related that appellant stated he had an injured finger and needed some attention to it. The pharmacist merely related how he asked the lady who worked for him to render such assistance and to delay appellant. He also related that appellant was not the least nervous, probably because another prescription had earlier been passed through the same store. He did not assert that appellant had passed the earlier prescription, but someone else had passed one. This does not constitute an evidentiary harpoon. *See Bruner v. State,* 612 P.2d 1375, 1378–1379 (Okl.Cr.1980). This Court has looked at the weight of the evidence, in other cases, to determine whether or not the appellant was prejudiced by the statement. We find the statement was not prejudicial. *See Breshers v. State,* 572 P.2d 561 (Okl.Cr.1977).

■ Under this assignment of error, appellant also asserts that the testimony of Officer Allen Street was another attempt to offer evidence of other crimes. We have examined that testimony and find that it was relevant to the facts at hand. Relevancy of evidence is at the discretion of the trial court, and its decision will not be disturbed without a showing by the appellant that he was prejudiced. *Ozbun v.*

*State,* 659 P.2d 954 (Okl.Cr.1983). Again, this contention is without merit.

Appellant also contends under this assignment of error that the prosecutor misstated the facts during closing argument. No objections were entered when the remarks were made. Notwithstanding, we have examined the comment complained of and find it does not constitute error.

■ In his third assignment of error, appellant asserts that the trial court allowed evidence that the appellant exercised his right to remain silent, which constitutes error. Appellant complains that the arresting officer was allowed to answer to the question concerning whether or not appellant made any response to the advising of his miranda rights, "No, he did not." This Court denied a similar complaint in *Myers v. State,* 654 P.2d 1073 (Okl.Cr.1982). This Court stated:

> This Court has consistently held that a person has the right to remain silent when arrested and that such silence cannot be used against him to establish the commission of a crime. However, even an officer's statement that the defendant "wished to remain silent" in response to his *Miranda* rights has been held not so severe as to require reversal.

In this case, the officer's comment is not sufficient to require reversal of this conviction.

■ In his fourth assignment of error, appellant asserts that it was error for the State to be allowed to introduce the dangerous propensities of the drug, Preludin; that such evidence was irrelevant and prejudicial to appellant. Appellant's objection at trial was to the relevancy of the testimony and not as to prejudice as he now asserts. This Court held in *Marks v. State,* 654 P.2d 652 (Okl.Cr.1982):

> [W]hen a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal.

Likewise, appellant cites no authority to support this complaint. Unless fundamental error exists, this Court will not search

the books to support appellant's assignments of error.

In his fifth assignment, appellant asserts that on one of his former convictions the judgment and sentence failed to show he was represented by counsel, which caused him prejudice. Four former judgments and sentences were introduced. The one which shows his conviction in Tulsa County District Court Case No. 18049, June 5, 1959, admittedly does not reflect appellant was represented by counsel. However, three other judgments and sentences name the counsel who represented appellant. In Creek County District Court Case Number CRF–78–102, appellant was convicted for Robbery by Force and Fear, After Former Conviction of a Felony, and was represented by Mr. Craig Tweedy. In Washington County District Court, appellant was convicted in Case Number CRF–78–196, August 3, 1979, for Attempted Robbery in the Second Degree, After Former Conviction of a Felony, and was represented by Mr. John G. Lanning. And, in Payne County District Court, appellant was convicted August 3, 1979, in Case Number CRF–78–253, for Robbery by Force and was represented by Mr. Robert M. Murphy, Jr. 21 O.S.1981, § 51(B) provides that one convicted for two or more former convictions is subject to the enhancement provisions of the statute. In the instant case, appellant was convicted for three former convictions, each of which shows he was represented by counsel. Any error created by the earlier 1959 conviction constitutes harmless error, if error at all.

Insofar as the evidence was overwhelming against appellant, this Court is of the opinion the judgment and sentence as imposed in CRF–83–127, should be, and the same is therefore AFFIRMED.

BUSSEY and PARKS, JJ., concur.