David Earl ANDERSON, Appellant,

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–466.**

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Marc Bovos, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

David Earl Anderson, appellant, was tried by jury for the crime of Unlawful Delivery of a Controlled Drug in violation of 63 O.S.1981, § 2–401, in Case No. CRF–85–53 in the District Court of LeFlore County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at seven (7) years imprisonment and a fine of five thousand ($5,000.00) dollars. The trial court sentenced appellant accordingly. From this judgment and sentence, appellant appeals to this Court.

A confidential informant notified Oklahoma Bureau of Narcotics undercover agent Smith that the appellant had some Demerol for sale. Agent Smith was informed that the appellant would be at the informant's trailer in Poteau, Oklahoma, on March 15, 1984 at approximately 5:30 p.m. On that date, Smith and two other agents arrived at the trailer at approximately 5:00 p.m. The appellant arrived approximately forty minutes later. After some introductions, Agent Smith suggested that he and the appellant go into the kitchen of the trailer. When asked by Agent Smith, "do you have it?", the appellant produced a prescription bottle and dumped several pills onto the table. After a price was negotiat-

ed, Agent Smith paid the appellant $120.00 in cash and ten pills were placed in a cellophane cigarette wrapper. A subsequent chemical analysis at the OSBI laboratory resulted in a positive testing for Pethidine, the chemical name for Demerol.

The appellant asserts in his first assignment of error that he was denied due process of law by the trial court's failure to conduct a hearing on his competency to stand trial. On June 2, 1988, noting that 22 O.S.Supp.1986, §§ 1175.1 to 1175.8 requires that such a hearing be held, we remanded this cause to the district court with instructions to hold a proper hearing and forward its findings to this Court.

On June 24, 1988, a post-examination competency hearing was held at which the appellant appeared with counsel. On that date, appellant presented no evidence to establish that he was incompetent at the time of trial or that he was unable to assist his attorney in the presentation of his defense. Moreover, the appellant testified that it was his belief that he was, in fact, competent at that time, on the day of trial, and at sentencing.

■ Relying on *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the appellant contends that a new trial is required because his competency was not determined at the time of trial. However, this Court has held that failure to conduct a competency hearing concurrently with trial is not per se violative of due process. *See Rowell v. State*, 699 P.2d 651, 652 (Okl.Cr.1985). In that the record now before this Court does not raise any question as to the appellant's mental competency, we find, and do therefore hold, that the appellant was fully competent at the time of his trial. This assignment of error is without merit.

■ In his second assignment of error, the appellant contends that the examining magistrate at the preliminary hearing erred by not sustaining his demurrer. Specifically, the appellant asserts that the State failed to present evidence sufficient to support a finding that probable cause existed to ascertain that the pills at issue were a controlled dangerous substance. We disagree.

This Court has held that the State is not required to present evidence sufficient to convict at the preliminary hearing, but rather, has the burden to show that an offense has been committed and probable cause to believe the defendant committed it. *Johnson v. State*, 731 P.2d 424, 426 (Okl.Cr.1986); *State v. Smith*, 617 P.2d 232, 233 (Okl.Cr.1980). Further, when there is competent evidence in the record from which a magistrate, as the trier of fact at a preliminary hearing, may reasonably conclude that there was probable cause to believe that a crime was committed and that the defendant committed it, a reviewing court will not interfere. *Hill v. State*, 672 P.2d 308, 310 (Okl.Cr.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138; *Shriver v. State*, 632 P.2d 420, 427 (Okl.Cr.1980).

The preliminary hearing record in the case before us indicates that, prior to the present transaction, Agent Smith had researched Demerol in a Physicians Desk Reference Manual. Smith testified that not only did the pills he received from the appellant look very similar to those depicted in the manual, but that the appellant had referred to the pills as Demerol when the transaction was consummated. He further stated that the appellant had produced the pills from a prescription bottle. Additionally, evidence was introduced to show that a chemical analysis of the pills had resulted in a positive testing for Pethidine. Thus, we find sufficient evidence to support the magistrate's ruling. Accordingly, this assignment of error is also without merit.

■ Next, the appellant contends that the trial court erred by refusing to give his requested instruction on the defense of entrapment. It is well settled that evidence must be submitted in support of such an instruction before the trial court will consider a requested instruction. *Broaddrick v. State*, 706 P.2d 534, 536 (Okl.Cr.1985); *Davis v. State*, 665 P.2d 1186, 1195 (Okl.Cr. 1983), *cert. denied*, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177; *Green v. State*, 611 P.2d 262 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828. After reviewing the record before us, we

find that the trial court was correct in refusing to give the requested instruction because the issue of entrapment was not raised at trial. "The mere fact that defense attorneys propound questions concerning entrapment during cross-examination is by itself insufficient to establish the necessary factual and concrete evidentiary disagreement which requires a jury instruction for its resolution." *Johnson v. State,* 625 P.2d 1270, 1272 (Okl.Cr.1981). *See also, Abbott v. State,* 661 P.2d 914, 916 (Okl.Cr.1983). In the case at bar, "[i]t is obvious that the State merely afforded the appellant the opportunity to commit the crime, and did not in any manner persuade or pressure him to do so." *Giles v. State,* 675 P.2d 441, 442 (Okl.Cr.1984). This assignment of error is without merit.

Appellant's fourth assignment of error alleges that his right to a fair trial was fundamentally prejudiced by prosecutorial statements made during closing arguments. This Court has consistently held that an appellant is deemed to have waived all assertions of error, except those of a fundamental nature, which were not properly preserved by objection. *Trevino v. State,* 739 P.2d 1019, 1021 (Okl.Cr.1987); *Fitchen v. State,* 738 P.2d 177, 179 (Okl.Cr. 1987). In the present case, the appellant failed to make timely objections and, upon review of the record, we find that the prosecutor's statements did not amount to fundamental error. As such, this assignment of error is also meritless.

In his final assignment of error, the appellant argues that the fine imposed is excessive in that he is indigent. Because the assessment is not due until after the appellant is released from custody, this issue is prematurely raised. *Jones v. State,* 682 P.2d 757, 759 (Okl.Cr.1984). *See* 21 O.S.1981 & 1988 Supp. §§ 142.1–142.20.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

In his first assignment, appellant contends he is entitled to a new trial because he was denied a post-examination competency hearing prior to trial. I agree.

On August 21, 1985, the trial judge ordered a competency examination of appellant after finding that "a doubt exists as to [his] present competency." (O.R. 49) Following examination at Eastern State Hospital in Vinita, Oklahoma, a staff psychiatrist wrote a letter to the trial judge expressing her opinion that appellant was competent to stand trial. (O.R. 48) Contrary to the provisions of 22 O.S.1981, § 1175.4(A), the trial judge resumed criminal proceedings without holding the mandatory post-examination competency hearing. On June 2, 1988, in an unpublished order, a majority of this Court, with this writer dissenting, remanded this case for a post-examination competency hearing.

Two prior unanimous decisions of this Court have held that a new trial is required under such circumstances. *See Kelly v. State,* 735 P.2d 566, 567 (Okla.Crim.App. 1987); *Scott v. State,* 730 P.2d 7, 9 (Okla. Crim.App.1986). Once a trial court finds a doubt as to an accused's competency, it must order a competency examination. 22 O.S.1981, § 1175.3(D). The accused is then examined by an expert who must answer a number of specific questions related to the competency of the accused. 22 O.S.1981, § 1175.3(E). Once this examination has been completed, a post-examination competency hearing "shall" be held. 22 O.S.1981, § 1175.4(A). Criminal proceedings "shall resume" after the post-examination competency hearing only if the accused is found to be competent. 22 O.S.1981, § 1175.6(1). Therefore, having failed to comply with Section 1175.4(A), the trial judge in the instant case was without authority to proceed to trial. Under the Oklahoma competency statutes, 22 O.S.1981, §§ 1175.1– 1175.8, once a doubt has been found as to an accused's competency, the trial judge has authority to proceed to trial "only after a post-examination hearing at which the fact finder resolves the doubt and makes an official determination that the defendant is competent to stand trial." *Scott,* 730 P.2d at 9. *Scott* thus makes it clear that, under Oklahoma statutory law, the post-examination competency hearing must be held *prior* to trial. This is why the majori-

ty's reliance on *Rowell v. State*, 699 P.2d 651, 652 (Okla.Crim.App.1985), is misplaced. Moreover, in *Rowell*, unlike here, the accused voluntarily and intelligently waived his statutory right to a post-examination hearing. *Id.* at 652.

Finally, the majority expressly directed the trial judge to "make findings concerning the feasibility of presently determining appellant's competency to stand trial in light of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)...." *Anderson v. State*, No. F–86–466 (Unpublished Order, June 2, 1988). However, in the response sent to this Court by the trial judge, no such findings were made. Therefore, because the majority has not enforced the requirements set forth in its remand order, the serious questions concerning the feasibility of determining whether appellant was competent to stand trial, some thirty (30) months after trial, have gone unanswered. The United States Supreme Court has recognized "the difficulty of retrospectively determining an accused's competence to stand trial" and the "need for concurrent determination...." *Pate*, 383 U.S. at 387, 86 S.Ct. at 843.

For the foregoing reasons, I dissent.