We hold that the express covenants granting right of way to Mustang and granting to appellees the right to purchase gas constitute covenants running with the land because each touches and concerns the land itself, and the covenant to supply gas is a covenant by which Mustang holds its right of way. We therefore vacate the Court of Appeals decision and withdraw the same from publication. We affirm as modified the order of the trial court.

HODGES, LAVENDER, SIMMS, DOOLIN and ALMA WILSON, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and KAUGER, J., dissent.

quired under such circumstances. *See Kelly v. State,* 735 P.2d 566, 567 (Okla. Crim.App.1987); *Scott v. State,* 730 P.2d 7, 9 (Okla.Crim.App.1986)....

Although Judge Bussey's vote in *Scott,* 730 P.2d at 9, was recorded as a "CONCUR," the original records show that his vote should have been officially recorded as "NOT PARTICIPATING." Thus, *Scott* was in fact not unanimous.

IT IS THEREFORE THE ORDER OF THIS COURT that Judge Parks' dissenting opinion in the above-styled cause shall be corrected to reflect the foregoing.

IT IS SO ORDERED.

**David Earl ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–466.**

Court of Criminal Appeals of Oklahoma.

April 27, 1989.

ORDER CORRECTING OPINION

On April 25, 1989, it was discovered that Judge Parks' dissenting opinion in *Anderson v. State,* 765 P.2d 1232, 1234 (Okla.Crim.App.1988), relied upon an incorrectly recorded vote in stating in relevant part:

Two prior unanimous decisions of this Court have held that a new trial is re-

**Richard Lee HARRIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**Nos. O–86–916, O–88–477.**

Court of Criminal Appeals of Oklahoma.

April 28, 1989.

