**David Roy THOMAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–92.**

Court of Criminal Appeals of Oklahoma.

July 14, 1989.

**19.** *Davis v. Gwaltney,* 291 P.2d 820, 824 (Okla. 1955).

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, Okl., for appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant, David Roy Thomas, was convicted of four counts of Manslaughter, First Degree (21 O.S.1981, § 711 subd. 1) in the District Court of Rogers County, Case No. CRF–84–121. Punishment was set by the jury at fifteen (15) years imprisonment for each count. Sentence was entered accordingly, and Appellant now appeals.

A recitation of the facts underlying Appellant's conviction is unnecessary insofar as the action taken today is not dependant on the circumstances of the crime.

Immediately prior to trial, Appellant properly made application to the trial court requesting examination of his current competency to stand trial. After a hearing in accordance with 22 O.S.1981, § 1175.3, the trial court determined that Appellant had presented sufficient evidence to raise "a doubt" as to his competency and ordered appellant transferred to Grand Lake Mental Health Center for examination.

■ After the examination, the treating expert, William R. Ford, expressed his opinion that Appellant was competent to stand trial in a letter to the trial court. No post-examination hearing was requested by appellant nor was any such hearing conducted by the trial court. 22 O.S.1981, § 1175.4. The case proceeded to trial and conviction resulted.

When the trial court failed to conduct the mandatory post-examination hearing, serious error resulted. This part of the competency proceedings is not an optional requirement nor is it one which a defendant may waive by his failure to request.

We have previously held that although the post-examination hearing is absolutely required by the statutes concerning competency proceedings, failure to conduct such a hearing is not necessarily a fatal error incapable of cure. See Anderson v. State, 765 P.2d 1232 (Okl.Cr.1988); Johnson v. State, 761 P.2d 484 (Okl.Cr.1988); Rowell v. State, 699 P.2d 651 (Okl.Cr.1985). Contra Kelly v. State, 735 P.2d 566 (Okl.Cr. 1987); Scott v. State, 730 P.2d 7 (Okl.Cr. 1986).

In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court considered the constitutionality of a conviction rendered after a defendant raised the issue of competency but the trial court refused to act on the issue. The Court held that because it would be a violation of due process to convict a person incompetent to stand trial, a defendant has an absolute right to require the trial court to evaluate his current ability to stand trial. Id. at 385, 86 S.Ct. at 842. The Court indicated in its opinion that if a "meaningful hearing" on the competency question could be undertaken at a later time, then

due process could be so satisfied. *Id.* at 378, 86 S.Ct. at 838. Because of the six-year time lapse, the Court held that the difficulties in making such a determination in that case were too great and reversed the conviction, remanding for a new trial.

 Based on the procedures described in *Pate,* when faced with the failure of a trial court to properly conduct hearings this Court has undertaken the practice of remanding the case back to the trial court for evidentiary hearing. This hearing must address two questions: [1] Whether or not it is feasible at this time to conduct an appropriate post-examination competency hearing, and if that question is answered affirmatively, [2] was the defendant competent to stand trial.

It must be emphasized that the trial court should not substitute this remedial proceeding as an alternative for the mandatory hearing, which must be held immediately subsequent to the competency evaluation and prior to the resumption of criminal proceedings. We recognize the difficulties involved with making such a determination after even a short lapse of time. The longer the intervening time period, the more difficult the task becomes. *Pate,* 383 U.S. at 387, 86 S.Ct. at 843.

 In the present case, we entered our order on February 14, 1989, remanding the cause to the trial court for the evidentiary hearing described above. On March 30, 1989, the trial court determined that "it is not feasible to conduct a competency determination at this time due to the time lapse and the appellant's right to a jury determination of his competency."[1] Because Appellant did not receive and cannot now be given a proper post-examination competency hearing, we must reverse Appellant's judgment and sentence and remand for a new trial.

BRETT, BUSSEY and LUMPKIN, JJ., concur.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

While I concur in the majority opinion, I continue to adhere to the views set forth in my separate opinion in *Anderson v. State,* 765 P.2d 1232, 1234 (Okla.Crim.App.1988) (Parks, J., Dissenting), that a plain reading of the applicable statutory scheme demonstrates that the Legislature did not intend that the post-examination competency hearing be held months or years after trial. Here, the majority gives meaningful consideration to the question of whether it is feasible to conduct a post-examination competency hearing after trial. *But see Anderson,* 765 P.2d at 1233 (where the "feasibility" issue was not addressed by the majority).

---

1. Nothing in the procedures herein described by the Court would affect a defendant's statutory right to have a jury make the requisite findings concerning competency at the time of trial.