**STATE of Oklahoma, Appellant,**

v.

**Tommy W. MATTHEWS, and Eva L. Matthews, Appellee.**

**No. S–88–1007.**

Court of Criminal Appeals of Oklahoma.

March 15, 1991.

**692**

Fern L. Smith, Asst. Dist. Atty., Charles S. Rogers, Oklahoma City, for the State.

Joe L. Jackson, Ray Don Jackson, Wright, Jackson & Jackson, Woodward, for Tommy W. Matthews.

Henry A. Meyer, III, Hieronymus, Hodgden & Meyer, P.C., Woodward, for Eva L. Matthews.

## OPINION

BRETT, Judge:

On June 27, 1988, charges of Embezzlement by Sheriff and Sheriff Receiving Interest or Profit from Use of Public Funds were filed against appellee, Tommy W. Matthews, Sheriff of Woodward County, in the District Court of Woodward County, Case No. CRF-88-88. On June 30, 1988, the District Attorney for Woodward County, Tom Gruber, disqualified himself and his assistants from prosecuting this case against appellee. Thereafter, on July 1, 1988, the Attorney General for Oklahoma, Robert Henry, appointed Fern Smith and Charles Rogers, both Assistant District Attorneys from Oklahoma County, as special prosecutors in this case pursuant to 19 O.S.Supp.1987, § 215.9.

On July 5, 1990, the special prosecutors filed an amended information charging appellee, along with his wife, Eva L. Matthews, with eighteen (18) counts of Embezzlement by Public Officer, in violation of 21 O.S.1981, § 341, and one (1) count of Conspiracy Against a County, in violation of 21 O.S.Supp.1982, § 424. Preliminary hearing was held on these charges for both appellees on July 12-14, 1988. At the conclusion, the trial court sustained the appellees' demurrers finding that no crime had been committed.

The State announced its intention to appeal that decision and later filed a written application to appeal as required by 22 O.S. Supp.1987, § 1089.2. At the hearing on the State's appeal held on August 5, 1988, the district judge affirmed the magistrate's ruling dismissing the charges against both appellees. Pursuant to 22 O.S.Supp.1987, § 1089.7, the State has perfected an appeal from that ruling to this Court.

At the preliminary hearing, the State alleged that the appellees appropriated county funds to their own use without authority of law. Basically, the facts of this case were as follows: Sheriff Matthews had an account set up with a local grocery store where he, or one of his employees, would charge groceries necessary to feed the prisoners in the county jail. When he received the bill from the grocery store, he would submit the claim to the Board of County Commissioners who would authorize a county warrant to be issued to the sheriff personally (as Tommy Matthews). At first, the normal procedure was for Sheriff Matthews to endorse the county warrant over to the grocery store shortly after he received it from the county, as his predecessors had done. However, from June 1987 to May 1988, Sheriff Matthews would, instead, have his wife deposit the county

warrants into their joint checking account.[1] Then Eva Matthews or Sheriff Matthews would pay on the grocery account with a personal check from their joint account. Although this procedure delayed payment to the grocery store much longer than the previous procedure, the manager of the grocery store testified that the store was not harmed in any way. The checking account that the county warrants were deposited into was an interest bearing account with the interest going to the Matthews.

■ In its first and second assignments of error, the State contends that the magistrate and the reviewing judge on the State's appeal did not consider the evidence presented at the preliminary hearing in the light most favorable to the State as required by 22 O.S.Supp.1987, § 1089.5 and therefore should not have sustained the appellees demurrers. We do not agree. The elements for Embezzlement by an Officer as set out in 21 O.S.1981, § 341 as relevant to this case are 1) a public officer or another person 2) receiving money on behalf of any department of the government of this state, 3) in which the state or the citizens are directly or indirectly interested, who either 4) appropriates to his own use, or to the use of any person not entitled to, without authority of law, any money, 5) or willfully omits or refuses to pay over to the county any interest received by him under any duty imposed by law so to pay over the same. As this Court stated in *Wiley v. State*, 349 P.2d 30, 36 (Okl.Cr. 1960), this statute covers "anyone who assumes to **receive** any money or property for account of the state who **does not** in such assumed role **deliver** the same **to the state** but appropriates it to his own use. (emphasis added)" In that case, an assistant county attorney was pocketing money entrusted to him by traffic violators to pay their fines.

Even when the evidence is viewed in light most favorable to the State, the county received what it paid for: the food it paid for was used to feed the prisoners

housed in the county jail. At no time did the sheriff or his wife keep any of the food from the prisoners, nor did they keep any money from the county. As Judge Ogden stated at the hearing, "Now, in my opinion, he didn't receive the money for the county, he received it for United [the grocery store]." (Aug. 5, 1988 Tr. 78).

The State cites *Hillcrest Medical Center v. State of Oklahoma ex rel. Department of Corrections*, 675 P.2d 432 (Okl.1983), to support its claim that the county was liable for the grocery claims and therefore it was illegal for Sheriff Matthews to deposit the county warrants into his personal checking account. In *Hillcrest*, the Oklahoma Supreme Court held that Tulsa County, and not the Department of Corrections, was liable for a claim duly submitted by the Hillcrest Medical Center for medical services performed on a prisoner who had been brought back to the county on a writ of habeas corpus ad prosequendum. Both Tulsa County and the Department of Corrections refused to pay the claim asserting that the other was responsible.

We agree with the State that the county is required by statute and the *Hillcrest* case to pay for the food used to feed prisoners in the county jail. However, we do not agree with the State that this makes the appellees criminally liable for their actions. The county's liability for the payment of the food used to feed the prisoners ended when it issued the warrants to Tommy Matthews. The county was not defrauded out of any money nor were the prisoners deprived of any food. While we do not condone the actions of the appellees in this situation, we agree with the Honorable Judge Ogden that no crime has been committed in this case.

■ In its third assignment of error, the State contends that if the actions of the appellees is not a crime under 21 O.S.1981, § 341, then the judge should have bound them over for the crime of embezzlement under 21 O.S.1981, § 1454. A magistrate can order an accused held for trial on a

1. The first deposit of county warrants was August 5, 1987, and included the county warrants from June and July 1987.

694

charge different from the one in the information if the facts warrant such action. 22 O.S.1981, § 264; *State v. Smith*, 617 P.2d 232 (Okl.Cr.1980). However, in this case, there were not sufficient facts presented at the preliminary hearing to justify binding the appellees over for trial even for embezzlement under section 1454. Therefore, the judge acted properly in dismissing the action against them.

■ Finally, in its fourth assignment of error, the State contends that the trial court erred in sustaining the appellees' demurrers to the conspiracy charge. Since we find that no crime has been committed, the charge of Conspiracy Against a County cannot stand as well. Therefore, the judges below properly sustained the appellees' demurrers to this charge as well.

Finding no reason to reverse the rulings of the district court in this case, we AFFIRM.

LANE, P.J., LUMPKIN, V.P.J., and PARKS, J, concurs.

JOHNSON, J., concurs in part/dissents in part.

JOHNSON, Judge, concurs in part/dissents in part.

While I agree with the court in affirming the dismissal of the charges as it relates to 21 O.S.1981, § 341, I do wish to dissent as to dicta statements in the opinion that the appellee's were not guilty of any other crimes that may have been committed. I do not believe the facts bear this out; there are possible prosecutions under other statutory sections (such as 21 O.S.1981, § 1454, Embezzlement by Trustee) that could come into play and the court should not make any statements as to other possible crimes or offenses and to that portion I dissent.