972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leonard P. FITCHEW, Petitioner-Appellant,
v.
Ron CHAMPION, Warden; and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-5142.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 KELLY, Circuit Judge.
 
 
 1
 Petitioner Leonard P. Fitchew appeals the district court's denial of his petition for habeas corpus relief as abusive. In a bifurcated jury trial, Petitioner was convicted of attempting to obtain a controlled drug by forged prescription, after two or more felonies. Upon evidence of four previous felony convictions, Petitioner was sentenced under Oklahoma's recidivist statute, Okla.Stat. tit. 21, § 51(b), to life imprisonment. Petitioner's conviction and sentence were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals. Fitchen v. State, 738 P.2d 177 (Okla.Crim.App.1987).[1]
 
 
 2
 On June 13, 1989, Petitioner filed his first pro se federal habeas corpus application under 28 U.S.C. § 2254. The district court denied this petition. On April 5, 1991, Petitioner filed his second pro se application for habeas corpus relief under § 2254, raising issues not present in his first petition.
 
 
 3
 The district court need not consider new grounds raised in a successive habeas corpus petition if "the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b) of the Rules Governing Section 2254 Cases. Once the state has raised abuse of the writ, the petitioner has the burden of showing cause for failing to raise the issue in the earlier petition and resulting prejudice. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991); Parks v. Reynolds, 958 F.2d 989, 994-95 (10th Cir.), cert. denied, 112 S.Ct. 1310 (1992).
 
 
 4
 Absent a showing of cause, the court's ability to grant review of new issues raised for the first time in successive habeas petitions can only be exercised upon a showing that a "fundamental miscarriage of justice" will occur if the merits of the successive petition are not reached. McCleskey v. Zant, 111 S.Ct. at 1470; see also, Parks v. Reynolds, 958 F.2d at 995 (court must determine whether "a constitutional violation probably has caused the conviction of one innocent of the crime").
 
 
 5
 We have reviewed the record on appeal and are in substantial agreement with the determinations of the district court. Petitioner has not shown cause for his failure to raise his claims earlier, nor has he established that his sentence constitutes a fundamental miscarriage of justice.
 
 
 6
 Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It appears that Petitioner used the alias Leonard P. Fitchen and several of his prior actions for post-conviction relief are under this alias