**Byron Keith COOPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–92–533.**

Court of Criminal Appeals of Oklahoma.

July 25, 1996.

ORDER DIRECTING TRIAL COURT TO DETERMINE FEASIBILITY OF CONDUCTING POST–EXAMINATION COMPETENCY HEARING; AND, IF FEASIBLE, TO CONDUCT HEARING USING CONSTITUTIONALLY ACCEPTABLE STANDARD; ORDER MODIFYING INSTRUCTION 11–2 IN OUJI–CR 2d

This case comes to this Court on remand from the Supreme Court of the United States, which reversed Appellant's conviction based on a Due Process violation which occurred when Appellant was required to prove his competence to stand trial by clear and convincing evidence. Cooper v. Oklahoma, — U.S. —, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). The Supreme Court remanded the case to this Court for further proceedings not inconsistent with its opinion. The Attorney General on behalf of the State of Oklahoma filed a Response to the Mandate of the Supreme Court. This Court gave Appellant's attorneys an opportunity to reply to that response. Appellant's attorneys failed to submit any matters for further consideration.

 In cases where a post-examination competency hearing was not held, this Court has determined it is permissible to remand to the District Court to (1) determine whether it is feasible at a later time to conduct an appropriate post-examination competency hearing; and (2) if that question is answered affirmatively, to conduct a hearing to determine whether the defendant was competent to stand trial. Thomas v. State, 777 P.2d 399, 400–01 (Okl.Cr.1989); Anderson v. State, 765 P.2d 1232, 1233 (Okl.Cr.1988); Rowell v. State, 699 P.2d 651, 652 (Okl.Cr.1985). We see no reason why the same rationale cannot apply here, so long as a constitutionally appropriate standard is utilized in making the determination.

Accordingly, the District Court is ordered to determine the feasibility of conducting an appropriate post-examination competency hearing; and if such a hearing is feasible, to conduct the hearing to determine whether the defendant was competent to stand trial at the time his trial was held, using a constitutionally approved standard of preponderance of the evidence. This Court has recently approved the revision of the Oklahoma Uniform Jury Instructions—Criminal (Second Edition) which now contains instructions to be used in trials to determine present competency. These may be used with additional instructions as may be appropriate.

The instructions in OUJI–CR 2d, which go into effect August 1, 1996, must be modified to reflect the constitutional standard of burden of proof is preponderance of the evidence. Upon review we find OUJI–CR 11–2 shall be modified to comply with the dictates of the Supreme Court in Cooper, and it reflects the change in burden of proof from clear and convincing to preponderance of the evidence as follows:

You are instructed that [Name of Defendant] is presumed by law to be competent, as that term is defined in these instructions. The burden of proof rests upon [Name of Defendant] to prove to your satisfaction by a preponderance of the evidence that he is incompetent.

When I say that a party has the burden of proving any proposition by a preponderance of the evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

If you find that the greater weight of the evidence proves that [Name of Defendant] is incompetent, you should so state in your verdict.

On the other hand, if you do not so find, then you should return a verdict finding [Name of Defendant] to be competent.

THIS MODIFICATION IS EFFECTIVE IMMEDIATELY. THE INSTRUCTION AS SET FORTH IN THIS ORDER MUST REPLACE INSTRUCTION 11–2, AS FOUND IN OUJI–CR 2d. THIS CHANGE

IS EFFECTIVE IMMEDIATELY UPON PUBLICATION OF THIS ORDER.[1]

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice-Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

---

1. This change is applicable to Sections 1175.1 *et seq.* of Title 22, dealing with the competency of a defendant to stand trial in a criminal proceeding. This change is not intended to address any questions relating to civil commitment procedures pursuant to other provisions of the Oklahoma Statutes. Also, we express no opinion as to what applicability the Supreme Court's decision in *Cooper* might have on a properly raised collateral attack pursuant to the Oklahoma Post–Conviction Procedure Act, Sections 1080 through 1089 of Title 22.