**Peter Andrew WOLFE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–214.**

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1989.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen. and Wellon B. Poe, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Peter Andrew Wolfe, was tried by a jury in Muskogee County District Court, Case No. CRF–82–571, and convicted of Robbery with a Dangerous Weapon, After Former Conviction of Two Felonies, in violation of 21 O.S. Supp.1982, § 801 and 21 O.S. Supp.1985, § 51(B), respectively. The jury set punishment at twenty (20) years' imprisonment, and the judge sentenced appellant accordingly. From this judgment and sentence, appellant has perfected his appeal to this Court.

A recitation of the facts is unnecessary, as we reverse and remand this case for a new trial. In his fourth proposition, appellant argues that the trial court committed reversible error in failing to conduct prior to trial a post-examination competency hearing in accordance with 22 O.S. Supp. 1985, § 1175.4(A). We agree.

On March 24, 1983, a few months before trial, appellant filed with the trial court an application for determination of competency and notice as required by 22 O.S. Supp. 1983, § 1175.2(A) and (B). (O.R. 21, 22) Apparently, the trial court subsequently

conducted a hearing on March 25, 1983, in accordance with 22 O.S. 1981, § 1175.3. The court determined that appellant had raised a doubt as to his competency and ordered that he undergo a mental examination. *See* Section 1175.3(D). On April 6, 1983, the examining physician from Eastern State Hospital sent a letter to the trial judge, informing him that he considered appellant competent to stand trial. (O.R. 26, 27) Section 1175.4(A) requires that after the examining physician has made his or her determination, "a hearing on the competency of the person *shall* be held." (Emphasis Supplied.) Yet, the record in this case indicates that the trial court did not conduct this mandatory post-examination competency hearing.

The State concedes that the trial court erred in failing to conduct the post-examination competency hearing prior to trial, but argues that the error can now be cured by remanding this case to the District Court with orders to hold such a hearing. We recognize that this Court has previously followed that practice. *See, e.g., Anderson v. State,* 765 P.2d 1232, 1233 (Okl.Cr.1988). *See also Johnson v. State,* 761 P.2d 484, 491–92 (Okl.Cr.1988). However, we conclude that the facts of this case demand a different disposition.

In assessing whether a competency hearing held after rather than before trial could satisfy the requirements of due process, the United States Supreme Court in *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), focused upon the length of time between the trial and subsequent hearing—recognizing the "difficulty of retrospectively determining an accused's competence to stand trial." *Id.* at 387, 86 S.Ct. at 843. The Court concluded that the six year time lapse in that case rendered a "meaningful" competency hearing impossible, and reversed and remanded for a new trial. Appellant in the instant case was tried in June of 1983. To hold a post-examination competency hearing at this time—*six* years after trial—would thus be in direct contravention of *Pate.* We agree with the Supreme Court that there could not be "a meaningful hearing on [the issue of appellant's competency to stand trial] at this late date...." *Id.* at 377, 86 S.Ct. at 838.

For the foregoing reasons, this case is REVERSED and REMANDED for a NEW TRIAL.

LANE, V.P.J., and LUMPKIN, J., concur.

PARKS, P.J., specially concurs.

BUSSEY, J., not participating.