**Roger Lee PORTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–826.**

Court of Criminal Appeals of Oklahoma.

June 11, 1990.

Publication Ordered July 9, 1990.

### ORDER

On October 14, 1983, appellant was charged with First Degree Murder, by information in the District Court of Cherokee County, Case No. CRF–83–189. Appellant was sent to Eastern State Hospital at Vinita for a competency examination on November 9, 1983. However, when he returned from the hospital, the trial court failed to conduct a second competency hearing, as required by statute, before proceeding with the trial. *See* 22 O.S.1981, § 1175.4. Jury trial was held on October 22, 1984, and concluded when the jury returned a verdict of guilty and sentenced appellant to death. On November 8, 1984, the trial court sentenced appellant in accordance with the jury's verdict. Appellant appealed to this Court claiming as error the trial court's failure to conduct the second competency hearing.

After the State conceded that the trial court erred in not conducting a second competency hearing, on May 2, 1988, this Court remanded appellant's case back to the Cherokee County District Court for a hearing to determine whether appellant was competent to stand trial. Then, on April 26, 1989, this Court directed the Cherokee County District Court to conduct the hearing ordered on May 2, 1988. As of the date of this order, the district court has not conducted this hearing.

We find that there has been more than sufficient time for Cherokee County District Court to make a determination as to whether appellant was competent to stand trial. Since more than six years have passed from the time this crime was committed, and almost six years from the time of trial, this Court finds that it is not feasible at this late date to make a determination as to appellant's competency to stand trial. After considering the records before this Court and in accordance with *Wolfe v. State*, 778 P.2d 932 (Okl.Cr.1989), and *Thomas v. State*, 777 P.2d 399 (Okl.Cr. 1989), we find that this case should be reversed and remanded for a new trial.

IT IS THEREFORE THE ORDER OF THIS COURT that appellant's case be REVERSED and REMANDED for a new trial.

IT IS SO ORDERED.

/s/ Ed Parks
Ed Parks, Presiding Judge
/s/ James F. Lane
James F. Lane,
Vice Presiding Judge
/s/ Tom Brett
Tom Brett, Judge
/s/ Gary L. Lumpkin
Gary L. Lumpkin, Judge
/s/ Charles A. Johnson
Charles A. Johnson, Judge

LUMPKIN, J., concurs in results.

LUMPKIN, Judge, concurring in results.

I concur in the results reached by the Court in this case based on the failure of

the District Court of Cherokee County to comply with the order of May 2, 1988, to conduct a hearing to determine if Appellant was competent to stand trial on October 22, 1984. The State has conceded the trial Court failed to conduct a competency hearing in accordance with 22 O.S. 1981, § 1175.4. The failure of the District Court to act in this matter dictates the action which must be taken by this Court. I do not concur with the Court's statement that "[s]ince more than six years have passed from the time this crime was committed, and almost six years from the time of trial, this Court finds that it is not feasible at this late date to make a determination as to the appellant's competency to stand trial." Since the District Court failed to act we do not have a evidentiary basis to make that finding.

*Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), does not establish that bright line and neither should we. It is a misinterpretation of *Pate* to hold that a meaningful hearing could not be held based *only* on the passage of time. Our decision in *Wolfe v. State,* 778 P.2d 932 (Okl.Cr.1989), was too rigid in its approach and we should allow each case to be judged on its individual facts. In this case we are not allowed to accomplish this review because the hearing to determine competency was not held.